UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:18-CV-110-TBR

USA SERVICE FINANCE, LLC,                                                              PLAINTIFF

v.

CATHRINE BARRETT, ET AL.,                                                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiff USA Service Finance, LLC's (USASF) Motion for Leave to File First Amended Complaint. [R. 21.] Defendants Cathrine Barrett, Freddy Jreisat, and Valor Capital Holdings, LLC (Defendants) responded, [R. 25], and USASF replied, [R. 28]. Fully briefed, this matter is ripe for adjudication. For the reasons stated herein, USASF's Motion for Leave to File First Amended Complaint, [R. 21], is **GRANTED**.

## BACKGROUND

On July 19, 2018, USASF filed its Complaint against Defendants containing claims of defamation, unlawful access to a computer, misuse of computer information, conversion, breach of fiduciary duty, respondeat superior liability, and unjust enrichment. [R. 1 at 6-12.] On September 10, 2018, Defendants filed a Motion to Dismiss for Lack of Jurisdiction and Improper Venue and Failure to State a Claim. [R. 6.] That same day, Defendants also filed a Motion to Transfer the case. [R. 11.] Subsequently, USASF responded to both motions, [R. 16; R. 17], and Defendants replied, [R. 18; R. 19]. Within its response to Defendants' Motion to Dismiss, filed on October 1, 2018, USASF requested that the Court allow it to amend its complaint to correct any errors, rather than dismiss it. [R. 16 at 25.] On October 25, 2018, USASF filed a Motion for Leave to File First Amended Complaint, which is currently before the Court. [R. 21.]

1

The dispute in this matter arises from USASF's relationship with Defendant Cathrine Barrett. According to USASF's Complaint, USASF is "a business which specializes in assisting military, retired military, and government employees with obtaining financing for travel and accommodations. . . . USASF purchases loans originated by third-party companies and services these loans. USASF arranges for monthly or bi-monthly payment from the military member or government employee." [R. 1 at 3 (Complaint).] USASF states that after experiencing an unacceptably high delinquency rate on loans during its first years of operation, it "engaged in talks with Cathrine Barrett for her to assist USASF with lowering the delinquency rate to below 9% of loans." [*Id*. at 3.] This relationship eventually soured, as evidenced by the multiple claims against Barrett, one of her employees, Freddy Jreisat, and Valor Capital. [*Id*. at 4.][1]

Regarding the instant motion, USASF seeks to add factual details, exhibits, and two new claims to its Complaint. Specifically, USASF requests to add a claim of breach of contract and a claim of tortious interference with a business relationship against Barrett. [R. 21-1 at 9; 16.] Furthermore, USASF seeks to add details regarding Defendants' connections to Kentucky, exhibits relating to its defamation claims, a clarification that the claims for wrongful access and misuse of a computer are in the alternative, and a citation to Barrett's affidavit in support of its breach of fiduciary duty claim.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(1) permits a party to "amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." However, where that time has passed,

---

[1] USASF alleges, on information and belief, that Barrett is the sole owner of Valor Capital. [*Id*. at 4.]

Rule 15(a)(2) provides that, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." While the Federal Rules encourage a liberal construction of Rule 15, it may be appropriate to deny leave to amend a complaint "where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Miller v. Champion Enters., Inc.*, 346 F.3d 660, 690 (6th Cir. 2003). The Sixth Circuit has stated that "[t]he thrust of Rule 15 is . . . that cases should be tried on their merits rather than the technicalities of pleading." *Jet, Inc. v. Sewage Aeration Sys.,* 165 F.3d 419, 425 (6th Cir. 1999) (quoting *Tefft v. Seward,* 689 F.2d 637, 639 (6th Cir. 1982)).

## DISCUSSION

In its Motion for Leave to File First Amended Complaint, USASF requests to amend its Complaint both as a matter of right under Federal Rule of Civil Procedure 15(a)(1)(B) and as a matter of the Court's discretion under Rule 15(a)(2). [R. 21 at 1.] Defendants oppose both proposals, contending that if the Court does not deny USASF's motion, it should at least condition the amendment on USASF paying Defendants' costs. [R. 25 at 1.] Although the Court does not agree that the Complaint should be amended as a matter of right, the Court finds that deciding this case on its merits requires the Court to allow USASF to amend its Complaint as a matter of the Court's discretion.

I.  **Amendment as a Matter of Right**

First, USASF asserts that it should be permitted to amend its Complaint as a matter of right. [R. 21 at 1.] As recited above, a party may amend its pleading "21 days after service of a

responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). USASF argues that it should be permitted to amend its complaint as a matter of right because it "requested leave to file an amended complaint *as part of its response to Defendant's motion to dismiss*." [R. 21 at 1 (emphasis added).] Although this request within its brief may have occurred within 21 days after a Rule 12(b) motion, the Sixth Circuit has held that "an informal request contained in a brief in opposition to a motion to dismiss is not deemed a Rule 15 motion to amend." *Gonzalez v. Kovacs*, 687 F. App'x 466, 470 (6th Cir. 2017) (citing *Begala v. PNC Bank*, 214 F.3d 776, 784 (6th Cir. 2000)); *see also Robbins v. New Cingular Wireless PCS, LLC*, 854 F.3d 315, 322 (6th Cir. 2017) (collecting cases). Thus, the Court will deny USASF's request to file its First Amended Complaint as a matter of right pursuant to Rule 15(a)(1)(B).[2]

## II. Amendment as a Matter of Court's Discretion

Secondly, USASF argues that its Motion to Amend should be granted in this Court's discretion. [R. 21 at 2.] In response, Defendants contend that the Court should deny this request due to USASF's "undue delay in asserting allegations it has known from the beginning, as well as to prevent undue prejudice to Defendants, who have now fully briefed two substantive motions (*i.e.*, their Motion to Dismiss and Motion to Transfer) stemming from the initial Complaint's many deficiencies and incorrect forum." [R. 25 at 4-5.]

### A. Undue Delay

---

[2] The Court acknowledges the case law cited as support by USASF, but finds it inapplicable as none of the cases referenced involved a request for leave to file an amended complaint as a part of a response to a motion to dismiss. *See Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 420 (6th Cir. 2000) (plaintiff properly sought leave to file an amended complaint, i.e., not within a brief opposing a motion to dismiss); *Ohio Cas. Ins. Co. v. Farmers Bank of Clay, Ky.*, 178 F.2d 570, 573 (6th Cir. 1949) (same); *see also In re Alfes*, 709 F.3d 631, 634-35 (6th Cir. 2013) (same).

Regarding Defendants' allegation of undue delay, the Court looks to the guidance of the Sixth Circuit: "it is well-settled that delay alone is not a sufficient reason for denying leave" to amend a complaint. *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986). Instead, such a "delay must have [also] resulted in prejudice to the party opposing the motion." *Id.* Thus, Defendants' argument of undue delay is insufficient on its own to justify the Court denying leave to amend a complaint. Moreover, the Court finds that the cases cited by Defendants are distinguishable from the matter at hand. *See Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 459 (6th Cir. 2001) (affirming district court's denial of motion to amend when plaintiff waited a year and a half to file motion, the dispositive motion deadline had passed, defendant had filed a motion for summary judgment, significant discovery was completed, and defendant would have to prepare a defense for new claims requiring new medical and expert witnesses); *Anderson v. Kentucky One Health, Inc.*, No. 3:17-CV-00359, 2017 WL 6347966, at *2 (W.D. Ky. Dec. 12, 2017) (denying plaintiff's motion to file a third amended complaint after "the bulk of his claims" had been dismissed and plaintiff failed to provide support for his motion or even specify which filing he was referring to); *Sublett v. Sheets*, No. 5:15-CV-P199-TBR, 2016 WL 6662749, at *2 (W.D. Ky. Nov. 10, 2016) (denying pro se prisoner's motion to file a third supplemental complaint when plaintiff inexplicably waited eight months to file an additional pleading that he could have asserted in an entirely separate action); *Jones v. Capitol Indem. Co.*, No. 5:13-CV-00142-TBR, 2015 WL 1401477, at *2 (W.D. Ky. Mar. 25, 2015) (denying plaintiff's motion to amend when plaintiff failed to provide an explanation for the one-year delay between filing the complaint and the motion to amend and also failed to reply to defendant's argument that amendment was improper). Unlike the cases referenced by Defendants, in this case, there was only a three-month delay between the original Complaint and the Motion to Amend being filed.

[*See* R. 1 ; R. 21]. Furthermore, there is no scheduling order currently in place stipulating a deadline for discovery or dispositive motions.

### B. Undue Prejudice

Defendants also argue that USASF's belated motion would cause them undue prejudice "by having to incur the additional expense of refiling and briefing" their Motion to Dismiss and Motion to Transfer. [R. 25 at 7-8.] Defendants provided no applicable case law exemplifying an occasion where a court denied a plaintiff's motion to amend due to a pending motion to dismiss and/or motion to transfer. Furthermore, as this Court previously held, "[p]rejudice generally requires more than merely having a motion to dismiss pending. *Cooper v. American Employers' Ins. Co.,* 296 F.2d 303 (6th Cir. 1961); *Newburgh/Six Mile Ltd. P'ship II v. Adlabs Films USA, Inc.,* 724 F.Supp.2d 740 750–51 (E.D. Mich. 2010) (finding prejudice where amendment was sought after the close of discovery); *Moore v. Paducah,* 790 F.2d 557 (6th Cir. 1986) (reversing district court's denial of amendment when the same set of facts supported both the original and amended complaint)." *Duracore Pty Ltd. v. Applied Concrete Tech., Inc.*, No. 5:13-CV-184-TBR, 2015 WL 362518, at *2 (W.D. Ky. Jan. 27, 2015). Examples of prejudice include "insufficient time to conduct discovery," being "unfairly surprised by the change in theories," or otherwise showing an inability to now "rebut the plaintiff's new theory." *Roth Steel Products v. Sharon Steel Corp.,* 705 F.2d 134, 155 (6th Cir. 1983). Defendants fail to argue any example of prejudice comparable to those listed by the Sixth Circuit.

Considering both the alleged undue delay and prejudice, the Court will grant USASF's Motion to Amend its Complaint. With such a relatively short delay and little prejudice, the Court finds that granting USASF's motion is necessary in order to decide this case on the "merits rather than the technicalities of pleading." *Jet, Inc.,* 165 F.3d at 425.

### C. Attorney's Fees

As an alternative to the Court denying leave to amend the Complaint, Defendants request that the filing of the Amended Complaint "be conditioned upon compensating Defendants for the entirely preventable expenses of having to file motions and briefs in response to Plaintiff's unnecessarily deficient original complaint." [R. 25 at 9.] Defendants claim that they incurred "over $50,000 in legal expenses" in filing and briefing their Motion to Dismiss and Motion to Transfer. [R. 25 at 7.] In support, Defendants cite three cases in which the Sixth Circuit mentioned the possibility of imposing the costs of preparing litigation on a party who makes a delayed motion to amend or dispositive affirmative defense. [R. 25 at 9 (citing *Janikowski v. Bendix Corp.*, 823 F.2d 945, 952 (6th Cir. 1987); *Adkins v. Int'l Union of Elec., Radio & Mach. Workers, AFL-CIO-CLC*, 769 F.2d 330, 334 (6th Cir. 1985); *Estes v. Kentucky Utilities Co.*, 636 F.2d 1131, 1134 (6th Cir. 1980).]

The Court finds each of these cases to be distinguishable from the matter at hand. Here, there was only a three-month delay between the Complaint and the filing of the Amended Complaint, and there is currently no scheduling order establishing discovery or dispositive motion deadlines. In contrast, the proposed amendment in *Janikowski* involved a one-year delay and likely required a second round of discovery. 823 F.2d at 951-52. In *Adkins*, the parties had already incurred the expense of litigating a jury trial at the time of the proposed amendment, 769 F.2d at 334. Lastly, the *Estes* court did not ultimately award the costs of preparing litigation to the defendants; it merely stated as an example of the court's broad discretion that the "costs of preparing for litigation *could be* imposed on the party who asserts a valid, but untimely, dispositive affirmative defense." 636 F.2d at 1134 (emphasis added). Therefore, in its broad

discretion on the matter, the Court does not find it proper in this situation to impose the Defendants' expenses upon USASF.

### D. Motion to Transfer

In consideration of the well-reasoned opinion of the Eastern District of North Carolina,[3] the Court finds Defendants' Motion to Transfer, [R. 11], to be MOOT. Furthermore, upon discussing the matter during a telephonic conference with the Court on March 20, 2019, the parties stated that there were no objections to the Court denying the Motion to Transfer. Thus, Defendants' Motion to Transfer, [R. 11], is DENIED as MOOT.

### CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED**:

(1) USASF's Motion for Leave to File First Amended Complaint, [R. 21], is **GRANTED**.

(2) Defendants' Motion to Transfer, [R. 11], is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

**Thomas B. Russell, Senior Judge**
**United States District Court**

March 21, 2019

cc: Counsel of Record

---

[3] This opinion can be found in case 5:19-cv-00036-TBR, R. 57.